This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Solomon J. Stallings, appeals from his conviction for possession of cocaine in the Summit County Court of Common Pleas. We affirm, but remand for resentencing.
On March 22, 2001, the Summit County Grand Jury indicted Defendant on five separate counts: (1) possession of cocaine, in violation of R.C.2925.11(A); (2) having a weapon while under disability, in violation of R.C. 2923.13(A)(3); (3) possessing criminal tools, in violation of R.C.2923.24; and (4) two counts of endangering children, in violation of 2919.22(A). Following the State's case-in-chief, Defendant made a Crim.R. 29 motion for acquittal, which the trial court granted as to the following: count two, having a weapon while under disability; count three, possessing criminal tools; and counts four and five, endangering children. On May 17, 2001, the trial court found Defendant guilty of possession of cocaine, and sentenced him. Defendant timely appeals raising three assignments of error, which we have rearranged for ease of review.
 ASSIGNMENT OF ERROR II The trial court committed reversible error and violated [Defendant's] constitutional rights when it allowed admission of Quarterman's statements through hearsay testimony and written statements because Quarterman was not "unavailable" under [Evid.R.] 804(A) and his statements lacked the required indicia of reliability to overcome [Defendant's] constitutional right.
In his second assignment of error, Defendant contends that the trial court erred when it admitted Alexander Quarterman's ("Quarterman") statements through hearsay testimony and written statements for the following reasons: (1) Quarterman was not "unavailable," as required by Evid.R. 804(A); (2) Quarterman's statements lacked the required indicia of reliability; and (3) it violated Defendant's constitutional right to confront witnesses against him. Defendant's contentions lack merit. We will address, in turn, Defendant's contention as it pertains to the hearsay rule and the constitutional right to confront witnesses.
A trial court has broad discretion to admit evidence and an appellate court will not disturb a trial court's decision unless the trial court has abused its discretion and the defendant has been materially prejudiced. State v. Long (1978), 53 Ohio St.2d 91, 98. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 Hearsay
Generally, out-of-court statements offered to prove the truth of the matter asserted are inadmissible hearsay. Evid.R. 801(C) and 802. However, numerous exceptions to the hearsay rule exist, and initially, we note that the statements at issue fall within the hearsay exception of a statement against interest. To fall within the hearsay exception as a statement against interest under Evid.R. 804(B)(3), three conditions must be met. State v. Gilliam (2000), 70 Ohio St.3d 17, 20, overruled on other grounds (2000), 87 Ohio St.3d 378. First, the declarant must be deemed unavailable. Id. A declarant's invocation of his Fifth Amendment right against self-incrimination has been held to render the declarant "unavailable." Id.; State v. Landrum (1990), 53 Ohio St.3d 107, 113. In the present case, Quarterman told the court that he did not want to testify and the trial court granted him that right pursuant to theFifth Amendment. Accordingly, Quarterman was "unavailable" for trial.
Second, it must be shown that the statement tended to subject the declarant to criminal liability and a reasonable person, in declarant's position, would not have made the statement unless it was true. Gilliam,70 Ohio St.3d at 20; Landrum, 53 Ohio St.3d at 113. Quarterman's statements tended to subject him to criminal liability. In an incident separate from the present case, Quarterman, Defendant, and Penson were arrested during a traffic stop, and the police officers found guns, fake cocaine, and counterfeit money. Following the arrest, Quarterman admitted that the "fake dope" and counterfeit money was his; however, he further stated that he "[couldn't] go down on the guns." Quarterman said that the guns and additional drugs belonged to Defendant, and he also said that he knew the location of the guns and drugs. Consequently, we find that these statements subject Quarterman to criminal liability and, therefore, are statements against interest as provided in Evid.R. 804(B)(3).
Lastly, corroborating circumstances must exist to indicate the trustworthiness of the statement. Gilliam, 70 Ohio St.3d at 20; Landrum,53 Ohio St.3d at 114. A statement that is made voluntarily and corroborated by other witnesses' testimonies is more trustworthy. Statev. Marshall (2000), 136 Ohio App.3d 742, 749. Additionally, the existence of some inconsistencies does not prevent the statement's admission if the circumstances establish the trustworthiness of the statement. Landrum,53 Ohio St.3d at 114-15. The trial court maintains the discretion to determine whether sufficient corroborating circumstances exist to indicate the trustworthiness of the statement. Id. at 114.
In the instant case, there are sufficient corroborating circumstances that indicate that the statement is trustworthy. Quarterman's sister called the police station relaying Quarterman's desire to speak to an officer. At the police station, Quarterman was read his Miranda rights and thereafter indicated his desire to make a statement. Moreover, other witnesses' testimonies corroborated the content of Quarterman's statements. Consequently, we find that the trial court did not abuse its discretion in determining that Quarterman's statements were trustworthy and admitting his statements.
 2. Confrontation Clause
In general, the Confrontation Clause and the hearsay rules protect the same values as a result of their commonality in origin; nevertheless, the proscriptions of the Confrontation Clause cannot be likened with the general rule prohibiting the admission of hearsay statements. White v.Illinois (1992), 502 U.S. 346, 352, 116 L.Ed.2d 848, 857.
The Confrontation Clause, which is encapsulated within theSixth Amendment of the Constitution, is the right of an accused "to be confronted with the witnesses against him" and ensures that a defendant will not be convicted based upon charges of unseen, unknown, and unchallengeable witnesses. Sixth Amendment, United States Constitution;Lee v. Illinois (1986), 476 U.S. 530, 540, 90 L.Ed.2d 514, 525. Accordingly, the Confrontation Clause prohibits the admission of some evidence that would otherwise be admissible under a hearsay exception.Idaho v. Wright (1990), 497 U.S. 805, 814, 111 L.Ed.2d 638, 651.
In Ohio v. Roberts (1980), 448 U.S. 56, 66, 65 L.Ed.2d 597, 607-08, the United States Supreme Court established a two-prong test to determine when a hearsay statement would be admissible and not infringe upon the Confrontation Clause. The two prongs of the test are: (1) the prosecutor must show that the declarant is unavailable to testify; and (2) the statement must bear adequate "indicia of reliability." Id. at 66,65 L.Ed.2d at 608. The indicia of reliability prong can be satisfied with a showing that the evidence falls within a "firmly rooted" hearsay exception or the evidence has particularized guarantees of trustworthiness. Id. We note that a statement against interest has been found not to fall within a "firmly rooted" hearsay exception. See Statev. Madrigal (2000), 87 Ohio St.3d 378, 385, citing Lilly v. Virginia
(1999), 527 U.S. 116, 144 L.Ed.2d 117.
"To be admissible under the Confrontation Clause, hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial." Wright, 497 U.S. at 822, 111 L.Ed.2d at 657. The guarantees of trustworthiness must be shown from the totality of the circumstances.Id. at 819, 111 L.Ed.2d at 655.
We have already determined that Quarterman was "unavailable" to testify; therefore, we must determine whether Quarterman's statements possess the required indicia of reliability.
Quarterman did not attempt to completely exonerate himself and shift the blame to Defendant. In fact, Quarterman admitted that the "fake dope" and counterfeit money belonged to him. Furthermore, Quarterman was not given a promise or any consideration in exchange for his statement. Finally, Quarterman gave his statement to Officer Simcox after having been fully advised of his rights. Therefore, we find that the Quarterman's statements satisfied the indicia of reliability prong and did not violate the Confrontation Clause. Accordingly, Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I The trial court's verdict of guilty on the count of possession of cocaine, R.C. 2925.11(A), was against the manifest weight of the evidence. Further, the conviction of Defendant for the charge of possession of cocaine was not sustained by sufficient evidence and should be reversed.
In his first assignment of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that his conviction for possession of cocaine was based upon insufficient evidence and against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Defendant's assignment of error lacks merit.
As a preliminary matter, we note that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy."Thompkins, 78 Ohio St.3d at 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
(Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Defendant was found guilty of possession of cocaine, in violation of R.C. 2925.11(A), which states in relevant part that "[n]o person shall knowingly obtain, possess, or use a controlled substance."
In the present case, Defendant's argument focuses on whether he knowingly "possessed" the cocaine that was found at the home of Angela Roberts ("Roberts"). Specifically, Defendant contends that his conviction should be reversed because the State did not prove that he "possessed" the cocaine. However, we find that there was ample evidence presented at trial to show that Defendant possessed the cocaine.
Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). R.C. 2901.21(D)(1) sets forth the requirements for criminal liability and provides: "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession."
"Possession may be actual or constructive." State v. Kobi (1997),122 Ohio App.3d 160, 174. The courts have defined constructive possession as "knowingly exercis[ing] dominion and control over [the drugs], even though [the drugs] may not be within immediate physical possession" or knowledge of the presence of the drugs. (Emphasis added.) State v.Hankerson (1982), 70 Ohio St.2d 87, syllabus. See, also, State v. Wolery
(1976), 46 Ohio St.2d 316, 329. Circumstantial evidence is sufficient to support the element of constructive possession. See State v. Jenks
(1991), 61 Ohio St.3d 259, 272-73; See State v. Butler (1989),42 Ohio St.3d 174, 176; Hankerson, 70 Ohio St.2d at syllabus.
At trial, Roberts testified that Defendant had a key to her house and stayed at her house for approximately three to four months. During this timeframe, Roberts stated Defendant spent the night 90 percent of the time. Roberts further stated that Defendant brought drugs to her home; specifically, Defendant handed her a white bag that contained a "big chunk," which appeared to be crack cocaine. Roberts explained that Defendant asked her to "put [the drugs] up for him" and she complied, hiding the drugs in the bottom dresser drawer beneath her bed.
Roberts admitted that she initially told the police officers that the drugs belonged to Quarterman; however, at the police station, she gave a written statement saying that she had lied, at Defendant's request, and the drugs were Defendant's. Roberts acknowledged that getting her kids back was motivating her to testify and, further, noted that Defendant did not want her to testify "unless [she was] going to testify for [him]."
The State additionally presented testimony from various police officers, including Officer Brian Callahan and Officer Brian Simcox. Officer Callahan testified that he went to Roberts' home looking for crack cocaine and weapons. He further testified that he recovered drugs from Roberts' home. Specifically, Officer Callahan stated that he found the drugs in a drawer located underneath the bed. Officer Simcox testified that Quarterman stated that: (1) he knew where Defendant kept two ounces of crack cocaine; and (2) Defendant "put" drugs at Roberts' house.
After the State rested, Defendant called Rachel Stull ("Stull") to testify. Stull stated that Defendant did not stay with Roberts, but rather lived with her or Gloria Motley. Additionally, Stull maintained that Roberts had a sexual relationship with Quarterman.
In the case sub judice, the judge had the opportunity to observe the witnesses' testimony and weigh the credibility of the testimony; therefore, we must give deference to the judge's decision. See Berger v.Dare (1994), 99 Ohio App.3d 103, 106. Upon careful review of the testimony and evidence presented at trial, we hold that the judge did not act contrary to the manifest weight of the evidence in convicting Defendant of possession of cocaine. Consequently, we conclude that Defendant's assertion that the State did not produce sufficient evidence to support a conviction, therefore, is also without merit. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR III The trial court erred in failing to notify 
Defendant at sentencing that he is subject to post-release control for his first degree felony conviction of possession of cocaine[.]
In his fifth assignment of error, Defendant argues that the trial court erred in failing to notify him that he is subject to post-release control as required by R.C. 2929.19(B)(3). Defendant's argument is well taken.
R.C. 2929.19(B)(3) imposes upon the trial court a mandatory duty at the sentencing hearing to notify the defendant that he is subject to post-release control. State v. Melton (May 4, 2000), Cuyahoga App. No. 75792, unreported, 2000 Ohio App. LEXIS 1922, at *12; State v. Shine
(Apr. 29, 1999), Cuyahoga App. No. 74053, unreported, 1999 Ohio App. LEXIS 1932, at *11. After a thorough review of the sentencing hearing transcript, we find that the trial court failed to satisfy the notification requirements of R.C. 2929.19(B)(3). Accordingly, Defendant's third assignment of error is sustained.
Defendant's first and second assignments of error are overruled and his third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed, but remanded for resentencing in compliance with R.C. 2929.19(B)(3).
Judgment affirmed, and remanded for resentencing.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, J. CONCURS.